70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Earl POLLOCK, Sr., Defendant-Appellant.
 No. 95-5051.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1995.
Decided Nov. 20, 1995.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, District Judge. (CR-94-20104)
 Harry A. Smith, III, JORY & SMITH, Elkins, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jesse Earl Pollock, Sr., was initially charged with the use of interstate commerce facilities with the intent of committing murder for hire. 18 U.S.C.A. Sec. 1958 (West Supp.1995). He agreed to plead guilty to an information charging him with wire fraud arising from his attempt to defraud his insurance company by hiring a hit man to kill his wife in a fake car accident. 18 U.S.C.A. Sec. 1343 (West Supp.1995).
 
 
 2
 As part of the plea agreement, Pollock stipulated to a number of facts relating to his sentence calculation, including a 6-level upward departure because the offense caused "reasonably foreseeable physical or psychological harm or severe emotional trauma" to Mrs. Pollock. United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1, comment. (n.10(c)) (Nov.1994). However, the district court departed upward by 11 levels and sentenced Pollock to a term of 60 months, the statutory maximum. Pollock appeals his sentence, contending that the district court misapplied the guidelines and abused its discretion in determining the extent of the departure. We affirm.
 
 
 3
 Pollock argues that the extent of the departure constituted a misapplication of the guidelines because the court considered conduct underlying the dismissed murder for hire charge. The district court's decision on the extent of a departure is reviewed under an abuse of discretion standard. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991).
 
 
 4
 In Hummer, this court generally approved using analogous guidelines to help determine the extent of a departure. Id. at 194. Therefore, the district court did not misapply the guidelines when it noted that Pollock's guideline range would have been 87-108 months if he had been convicted of murder for hire. Moreover, uncharged conduct or conduct underlying dismissed counts which is relevant conduct under guideline section 1B1.3 may be considered in determining a sentence. See, e.g., United States v. Jones, 31 F.3d 1304, 1316 (4th Cir.1994) (acts attributable to defendant under USSG Sec. 1B1.3(a)(1)). Relevant conduct includes acts counseled, commanded, induced, or procured by a defendant, and thus the acts underlying the murder for hire charge were properly considered by the district court in determining the extent of the departure.
 
 
 5
 An upward departure which does not exceed the guideline range under which the defendant would have been sentenced had he actually been convicted of analogous conduct is not unreasonable. Hummer, 916 F.2d at 194. Because Pollock's sentence of 60 months was less than the low point of the guideline range which would have applied had he been convicted of murder for hire (87 months), it was not unreasonable, and the district court did not abuse its discretion in imposing it.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED